IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| LISA W. BATTLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV 123-043 |
| | ) |
| BURDEAUX STEAK AND SEAFOOD INC., | ) |
| | ) |
| Defendant. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff is proceeding *pro se* and paid the full filing fee when she commenced this case. (Doc. no. 1 & Apr. 14, 2023 doc. entry regarding payment).

**I.    BACKGROUND**

Plaintiff filed her original complaint on April 14, 2023, and on April 25, 2023, she filed an amended complaint. (Doc. nos. 1, 4.) Because she is proceeding *pro se*, on April 17, 2023, the Court provided her with basic instructions regarding the development and progression of this case. (Doc. no. 3.) The Court explained Plaintiff is responsible for serving Defendant in accordance with Federal Rule of Civil Procedure 4 and directed the Clerk of Court to attach a copy of Rule 4 to the April 17th Order so that Plaintiff could determine the appropriate method of service for Defendant. (Id. at 1.) The Court specifically informed Plaintiff of the ninety-day deadline for service under Fed. R. Civ. P. 4(m) and explained that failure to accomplish service could result in dismissal of individual defendants or the entire case. (Id.) When the ninety days for effecting service under Fed. R. Civ. P.

4(m) expired and there was no evidence Defendant had been served, the Court entered an Order on July 26, 2023, directing Plaintiff to show cause why this case should not be dismissed without prejudice for failure to timely effect service. (Doc. no. 12.)

Although the Clerk docketed Plaintiff's response to the July 26th Order as an objection to the order, the substance of the document is an objection to dismissal based on the contention Plaintiff had effected service. As there had been no recommendation for dismissal to date, the Court liberally construed Plaintiff's filing as a response to the show cause order and an implied request for additional time to provide proof of service. In the Court's Order granting an extension of time through and including September 1, 2023, to provide proof of service under Fed. R. Civ. P. 4(l), the Court explained Plaintiff's certificate of service attached to her original and amended complaints, (see doc. no. 1, p. 12; doc. no. 4, p. 11), did not establish that she had accomplished service under Fed. R. Civ. P. 4. (See doc. no. 15, p. 2.) In any event, Plaintiff conceded the mail containing the copy of the complaint was returned with a notation the "Address was not Found." (Doc. no. 13, p. 1.)

Plaintiff also argued she accomplished service by having Timothy C. West hand deliver a copy of "the complaint and the summon" to Ms. Johnson at the business address for Defendant. (Id.) The "Summons" attached to Plaintiff's response to the show cause order is not signed by the Clerk of Court and does not bear the Court's seal, and thus, it does not satisfy the requirements of Fed. R. Civ. P. 4(a)(F) & (G). (See id. at 3.) Perhaps recognizing she had not utilized an appropriate "Summons" during Mr. West's service attempt at Defendant's business address, on August 11, 2023, Plaintiff requested and received a summons issued by the Clerk of Court, and page two of that that document is a blank Proof of Service form that allows a process server to explain how service was accomplished or

otherwise explain why the summons was returned unexecuted.  (See doc. no. 14.)  The docket reflects no further activity since the Court entered its Order extending the deadline for proof of service through September 1st, and as explained below, the case should be dismissed for failure to timely effect service.

II.     DISCUSSION

Rule 4(c)(1) states, "A summons must be served with a copy of the complaint," and "[t]he plaintiff is responsible for having the summons and complaint served."  Fed. R. Civ. P. 4(c)(1).  For a corporation, service must be done in accordance with the requirements of Rule 4(e)(1) for serving an individual, or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ."  Fed. R. Civ. P. 4(h)(1).  Rule 4(e), in turn, provides service may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made, " or (1) delivering to the individual personally a copy of the summons and complaint, (2) "leaving a copy each at the individual's dwelling or usually place of abode with someone of suitable age and discretion who resides there;" or (3) delivering a copy of summons and complaint "to an agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(e).  If service is not waived, proof of service generally must be made to the court by the server's affidavit.  Fed. R. Civ. P. 4(l)(1).  "If a defendant is not served within 90 days of the filing of the complaint, the district court must dismiss the action without prejudice or order that service be made within a specified time.  Fed. R. Civ. P. (4)(m)."  Garvich v. Georgia, No. 21-10679, 2022 WL 1531701, at *2 (11th Cir. May 16, 2022) (*per curiam*).

The record here shows proof of service has not been provided as required by the Federal Rules of Civil Procedure, and the case must be dismissed.  First, Plaintiff's certificates of service attached to the original and amended complaints are insufficient, not only because Plaintiff concedes the mail was returned, but also because Plaintiff did not report including a summons with the pleadings.  Even if she had included a summons, as set forth above, mailing a summons is insufficient under the Rule 4.  See also Thorpe v. Dumas, 788 F. App'x 644, 648 (11th Cir. 2019) (*per curiam*) (explaining "[s]ervice by certified mail generally does not constitute delivery under subsections of Rule 4" (citations omitted)); Griffin v. Philips, No. 4:22-cv-268, 2023 WL 129416, at *2 (S.D. Ga. Jan. 9, 2023) (collecting cases for same proposition).

Second, Plaintiff's subsequent attempt at personal service by Timothy C. West delivering a complaint and a summons not signed by the Clerk of Court or bearing the Court's seal was insufficient, even if the person with whom the documents were left at Defendant's business address had been authorized to accept service of process.  The person with whom Mr. West left the paperwork, Ms. Johnson, is identified only as "management." (Doc. no. 13, p. 1.)  Pretermitting any argument that Defendant had notice of the lawsuit after this failed attempt at service, "[a] defendant's actual notice is not sufficient to cure defectively executed service."  Laurent v. Potter, 405 F. App'x 453, 454 (11th Cir. 2010) (*per curiam*) (quoting Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (*per curiam*)); see also Griffin, 2023 WL 129416, at *2 (collecting cases rejecting proposition "that a defendant's actual notice of a suit obviates need for service, pursuant to Rule 4").

Third, when the Clerk of Court issued an official summons and the time for providing proof of service was extended, (doc. nos. 14, 15), Plaintiff failed to provide the requisite

4

proof of service as required by Rule 4(l)(1) when service is not waived. Plaintiff does not contend she requested Defendant waive service, and even if Plaintiff had so requested, if a Defendant does not waive formal service, Plaintiff is still responsible for properly effecting personal service under Rule 4 subsections (c) and (e). In a nutshell, the responsibility for properly effecting service stands firmly with Plaintiff. See Kammona v. Onteco Corp., 587 F. App'x 575, 578 (11th Cir. 2014) (*per curiam*) (citing Albra, 490 F.3d at 829). Despite having been provided with the information and tools needed to effect service, Plaintiff has not complied with the Federal Rules of Civil Procedure, as all litigants appearing in this Court are required to do. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* . . . litigant is in court, [s]he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.")

Plaintiff has not shown good cause for failing to timely effect service, and the Court finds that no other circumstances warrant any further extension of the service period. The Advisory Committee Note to Rule 4(m) provides some guidance as to factors that may justify an extension of time for service. Such considerations include if a defendant is evading service or if the statute of limitations would bar a refiled action. Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132-33 (11th Cir. 2005) (citing Advisory Committee Note to Rule 4(m), 1993 Amd.). There is no indication any Defendant may be attempting to evade service, only that Plaintiff is using improper methods to attempt service. To the extent the statute of limitations may bar a refiled action based on the date the Equal Opportunity Employment Commission issued its Determination and Notice of Rights, (doc. no. 1, p. 13), there is no reason to believe Plaintiff does not understand the necessity of deadline compliance, and the Court has granted an extension of time to effect service. In any event,

nothing about dismissal without prejudice for failure to timely effect service will impact Plaintiff's ability to argue for tolling the applicable statute of limitations or otherwise arguing any refiled action is timely.  See Gant v. Jefferson Energy Coop., 348 F. App'x 433, 434 (11th Cir. 2009) (*per curiam*) (explaining 90-day time limit for filing civil action after receipt of right-to-sue letter is non-jurisdictional and subject to equitable tolling); see also Bost v. Federal Express Corp., 372 F.3d 1233, 1242 (11th Cir. 2004) (explaining a plaintiff must establish basis for equitable tolling in employment discrimination case).

### III.  CONCLUSION

In sum, despite receiving an extension of time, Plaintiff has failed to effect service of process under Rule 4.  Accordingly, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice for failure to timely effect service on Defendant.  See Schnabel v. Wells, 922 F.2d 726, 728-29 (11th Cir. 1991); Garvich, 2022 WL 1531701, at *2.

SO REPORTED and RECOMMENDED this 7th day of September, 2023, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA